**FILED**
APR 2 2 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>Sergio Antonio CASTANEDA-Elizalde,<br><br>Defendant. | Magistrate Case No.: **'08 MJ 8338**<br><br>COMPLAINT FOR VIOLATION OF<br><br>21 U.S.C. § 952 and 960<br>Importation of a Controlled Substance<br>(Felony) |

The undersigned complainant being duly sworn states:

That on or about April 21, 2008, within the Southern District of California, defendant Sergio Antonio CASTANEDA-Elizalde did knowingly and intentionally import approximately 24.74 kilograms (54.43 pounds) of cocaine a Schedule II Controlled Substance, into the United States from a place outside thereof, in violation of Title 21, United States Code, Sections 952 and 960.

The complainant states that this complaint is based on the attached Statement of Facts incorporated herein by reference.

_____
Special Agent
U.S. Immigration & Customs Enforcement

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS 22ND, DAY OF APRIL 2008.

_____
PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

UNITED STATES OF AMERICA
       v.
Sergio Antonio CASTANEDA-Elizalde

## STATEMENT OF FACTS

This statement of facts is based on the reports, documents, and notes furnished to US Immigration and Customs Enforcement Special Agent Reuben McDowell.

On April 21, 2008, at approximately 2010 hours, Sergio Antonio CASTANEDA-Elizalde entered the United States at the Calexico, California East Port of Entry. CASTANEDA-Elizalde was accompanied by his wife Edna Lizeth Carrillo-De CASTANEDA and their three minor children.

Customs and Border Protection (CBPO) Canine Enforcement Officer (CEO) J. Jones was conducting a pre-primary roving operation with his assigned Human/Narcotic Detector Dog (HNDD). The HNDD alerted to the vehicle. CBPO S. Apolinar received a negative oral Customs declaration from CASTANEDA. CASTANEDA stated that the vehicle belonged to his compadre Tomas Galindo. CASTANEDA stated that Galindo lent him the vehicle. CBPO Apolinar had the vehicle and the occupants referred to the secondary inspection area.

In the secondary inspection area, CBPO Apolinar obtained a second Customs declaration from CASTANEDA. CASTANEDA was escorted into the secondary inspection office where a patdown search for weapons and merchandise was conducted. CBPO Apolinar discovered a small black pouch containing a lighter, glass pipe and 2.5 grams of a white powdery substance which field tested positive for methamphetamine. The inspection was turned over to CBPO R. Marroquin for further processing.

CBPO Marroquin received a negative Customs declaration from CASTANEDA. A subsequent inspection by CBPO Marroquin revealed 22 packages located in the dash of the vehicle. One of the packages was probed and a sample of a white powdery substance was obtained, which field tested positive for cocaine. The 22 packages had a combined net weight of approximately 24.74 kilograms (54.43 pounds).

CASTANEDA was placed under arrest and advised of his Constitutional Rights according to Miranda, which he acknowledged and waived, agreeing to answer

questions. CASTANEDA admitted knowledge of the drugs found in the vehicle. CASTANEDA stated that he thought the drugs were marijuana. CASTANEDA exonerated his wife Carrillo-De CASTANEDA and stated she did not know anything about the smuggling venture.

Edna Lizeth Carrillo-De CASTANEDA stated she did not know anything about the narcotics found in the vehicle. Carrillo-De CASTANEDA was subsequently released along with their three children.