1  JOHN F. KELLY
   ATTORNEY AT LAW
2  California State Bar No. 163883
   406 Ninth Avenue, Suite 303
3  San Diego, California 92101
   Telephone: (619) 231-3097
4  JFKLaw@cs.com

5  Attorney for Defendant SERGIO CASTANEDA-ELIZALDE

6

7

8                    **UNITED STATES DISTRICT COURT**

9                  **SOUTHERN DISTRICT OF CALIFORNIA**

10                     (HON. DANA M. SABRAW)

11  UNITED STATES OF AMERICA,        )    Criminal Case No. 08CR1437-DMS
                                     )
12              Plaintiff,           )    Date  : June 6,2008
                                     )    Time  : 11:00 a.m.
13        v.                         )
                                     )    **NOTICE OF MOTION AND**
14  SERGIO CASTANEDA-ELIZALDE,       )    **MOTION FOR DISCOVERY**
                                     )
15              Defendant.           )
    _____ )

16

17  TO:     , UNITED STATES ATTORNEY, AND
            ANDREW G. SCHOPLER, ASSISTANT U.S. ATTORNEY.
18

19       PLEASE TAKE NOTICE that on ___June 6___ at _11:00___ a.m., or as soon thereafter

20  as counsel may be heard, the defendant, by and through his counsel, John F. Kelly, will

21  respectfully move the Court for an order to grant the motion as set forth below.

22                              **MOTION**

23       Defendant, by and through his counsel, John F. Kelly, hereby moves this Court, pursuant

24  to Rules 12 and 16 of the Federal Rules of Criminal Procedure, the *Jencks* Act (18 U.S.C. §

25  3500), *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, the Fourth, Fifth, and Sixth

26  Amendments to the Constitution of the United States, and the general supervisory powers of this

27  Court, for an Order compelling the Government to disclose, or in the case of tangible evidence,

28  to produce for inspection and copying, all evidence and information in the possession, custody

                                      1                            08cr1437

1  or control of the Government which may be favorable to the defendant, or material on the issue

2  of guilt or innocence, or which could lead to material evidence, or evidence or information

3  which could be useful in the examination of witnesses at trial; and for disclosure and inspection

4  of the information requested in the attached memorandum of points and authorities.

5        This motion is based upon this notice of motion, the accompanying memorandum of

6  points and authorities, the records and files in the instant case, and on any and all other matters

7  that may be presented to this Court prior to or at the time of the hearing of said motion.

8

9  Dated: May 27, 2008

10

11                                              _____

12                                              JOHN F. KELLY
                                                Attorney for Defendant

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  JOHN F. KELLY
   ATTORNEY AT LAW
2  California State Bar No. 163883
   406 Ninth Avenue, Suite 303
3  San Diego, California 92101
   Telephone: (619) 231-3097
4  JFKLaw@cs.com

5
6  Attorney for Defendant SERGIO CASTANEDA-ELIZALDE

7

8

9              **UNITED STATES DISTRICT COURT**

10             **SOUTHERN DISTRICT OF CALIFORNIA**

11                  (HON. JOHN A. HOUSTON)

12  UNITED STATES OF AMERICA,        )   Criminal Case No.  08CR1437-DMS
                                      )
13                   Plaintiff,       )   Date:   June 6, 2008
                                      )   Time   11:00 a.m.
14         v.                         )
                                      )   **MEMORANDUM OF POINTS AND**
15  SERGIO CASTANEDA-ELIZALDE,        )   **AUTHORITIES IN SUPPORT OF**
                                      )   **MOTION FOR DISCOVERY**
16                   Defendant.       )
17  _____ )

18         Defendant, by and through his attorney John F. Kelly, respectfully submits the following

19  memorandum of points and authorities in support of his motion for discovery.

20                                    I.

21                              DISCOVERY

22         To preserve his rights and guard against undue prejudice due to delay, the defendant seeks

23  an order compelling discovery of the following material, and further seeks an order establishing

24  a discovery schedule in this case.  Defendant requests full discovery pursuant to Rule 16 of the

25  Federal Rules of Criminal Procedure,[1] *Brady v. Maryland*, 373 U.S. 83 (1963), the *Jencks* Act

26  (18 U.S.C. § 3500), and the Fifth and Sixth Amendments of the United States Constitution.  For

27  _____

28         [1]Unless otherwise indicated, all further rule references will be to the Federal Rules of Criminal
   Procedure.

                                    1                              08cr1437

the purposes of Rule 16 discovery and *Brady* the prosecutor "will be deemed to have knowledge of and access to anything in the possession, custody or control of any federal agency participating in the same investigation of the defendant." *United States v. Bryan*, 868 F.2d 1032, 1036 (9th Cir.), *cert. denied*, 493 U.S. 858 (1989). Defendant requests that discovery be completed reasonably in advance of trial so that he can make use of the materials provided in his defense. Defendant seeks discovery of the following:

### A. Statements of the Defendant.

Pursuant to Rule 16(a)(1)(A), defendant requests full discovery concerning any statements made by him. The rule requires disclosure of any statement of the defendant's in the possession of the government in any form. It also requires disclosure of any portion of any report or other written record containing the substance of a statement by the defendant made to a known government agent, and the substance of any other statement made by the defendant to a known government agent that the government intends to use at trial for any purpose.

The government must disclose not only the substance of the defendant's statement but also the substance of the defendant's response to *Miranda* warnings. If the government does not inform counsel that the defendant invoked his right to remain silent or his right to counsel, the conviction may be reversed. *United States v. McElroy*, 697 F.2d 459, 465 (2d Cir. 1982). The Advisory Committee Notes as well as the 1991 amendments to Rule 16 make it clear that the government must reveal *all* the defendant's statements, whether oral or written, regardless of whether the government intends to introduce those statements.

### B. Request for Criminal Record, Prior Bad Acts, and Notice Under FRE 404(b).

Defendant requests all evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any prior arrests and convictions or any prior similar acts or prior bad acts of defendant. The defendant's prior criminal record must be produced under Rule 16(a)(1)(B). Evidence of prior similar acts or prior bad acts is discoverable under Rule 16(a)(1)(C), and Rules 404(b) and 609 of the Federal Rules of Evidence. *See United States v. Cook*, 608 F.2d 1175 (9th Cir. 1979) (en banc), *cert. denied*, 444 U.S. 1034 (1980). Pursuant to Federal Rule of Evidence 404(b), defendant specifically

1  requests notice concerning any evidence the government plans to introduce against him under

2  Rule 404(b) and any prior or subsequent act relating to a specific instance of conduct which the

3  government will attempt to introduce under Federal Rule of Evidence 608(b).

4  **C.  Other Documents and Physical Evidence.**

5  Pursuant to Rule 16(a)(1)(C), defendant requests full discovery of all physical and

6  documentary evidence and objects, including but not limited to all books, papers, documents,

7  photographs, tangible objects, or copies or portions thereof which the government intends to

8  introduce as evidence in its case-in-chief, or is material to the preparation of the defense, or was

9  obtained from the defendant or which the government claims belong to the defendant.

10  **D.  Scientific Reports and Examination.**

11  Pursuant to Rule 16(a)(1)(D), defendant requests full discovery of all scientific tests or

12  experiments and results of physical or mental examinations which are material to the defense or

13  are to be used as evidence by the government at trial.  The government must also give the

14  defense adequate notice of the use of the scientific tests or expert witnesses in order that the

15  defense has "adequate time to obtain an expert to assist him in attacking the findings of the

16  government's . . . expert."  *United States v. Barrett*, 703 F.2d 1076, 1081 (9th Cir. 1983).

17  **E.  Witness Discovery.**

18  Defendant requests disclosure of any evidence that any prospective witness is under

19  investigation by federal, state or local authorities for any criminal or official misconduct.  *United*

20  *States v. Chitty*, 760 F.2d 425 (2d Cir.), *cert. denied*, 474 U.S. 945 (1985).  Defendant also

21  requests any evidence that any prospective witness is biased or prejudiced against the defendant,

22  or has a motive to falsify or distort his or her testimony.  *Pennsylvania v. Ritchie*, 480 U.S. 39

23  (1987) *United States v. Strifler*, 851 F.2d 1197 (9th Cir. 1988), *cert. denied*, 489 U.S. 1032

24  (1989); *United States v. Alvarez-Lopez*, 559 F.2d 1155, 1157 (9th Cir. 1977).

25  The defendant requests any evidence that any prospective government witness has

26  engaged in any criminal act, whether or not resulting in a conviction, and whether any witness

27  has made a statement favorable to the defendant.  *See* Fed. R. Evid. 608, 609 and 613.  Such

28  evidence is discoverable under *Brady v. Maryland*, 373 U.S. 83 (1963).  *See Strifler*, 851 F.2d

1197 (witness's prior record); *Thomas v. United States*, 343 F.2d 49 (9th Cir. 1965) (evidence that detracts from a witness's credibility).

Defendant further requests that the government review for impeachment material the personnel files of any agents it intends to produce as witnesses. *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991). *Henthorn* requires that all material information should be disclosed, and any information which is arguably material should be submitted to the Court for *in camera* examination. *Id*. at 30-32.

Defendant requests disclosure of any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. *Strifler*, 851 F.2d 1197; *Chavis v. North Carolina*, 637 F.2d 213, 224 (4th Cir. 1980); *United States v. Butler*, 567 F.2d 885 (9th Cir. 1978).

Defendant also requests the name and last known address of each prospective government witness, *see United States v. Napue*, 834 F.2d 1311 (7th Cir. 1987); *United States v. Tucker*, 716 F.2d 583 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); *United States v. Cook*, 608 F.2d at 1181 (defense has equal right to talk to witnesses), and the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will *not* be called as a government witness, *United States v. Cadet*, 727 F.2d 1469 (9th Cir. 1984).

**F.  Preservation of *Jencks* Act Material.**

Defendant requests that the government preserve all rough notes and other materials arguably subject to production under Title 18, United States Code, Section 3500 (the "*Jencks* Act") or under Rules 12(I) or 26.2.  The government is placed on notice that all such materials will be requested by the defense concerning any government witness called to testify at trial, and all law enforcement witnesses who testify, regardless of by whom called, at all pretrial proceedings.

The government is also placed on notice that the defense will seek *in camera* review of

1   all such materials which the government claims are not subject to production, and that such

2   material must be preserved.  *See United States v. Harris*, 543 F.2d 1247 (9th Cir. 1976).

3   Recognizing that such materials, with the exclusion of materials producible under *Brady v.*

4   *Maryland*, 373 U.S. 83 (1963), are not subject to production until the close of the witness's

5   testimony, the defense nonetheless asks that such material be disclosed reasonably in advance

6   of the relevant hearing so as not to unduly delay the proceedings.

7           **G.  Disclosure Concerning Informants and Percipient Witnesses.**

8           Defendant requests discovery concerning all informants who were percipient witnesses

9   to any of the counts alleged against him, or who otherwise participated in the illegal conduct

10  alleged against the defendant, and disclosure of each informant's identity and location, as well

11  as disclosure of the existence of any other percipient witnesses unknown or unknowable to the

12  defense.  *See Roviaro v. United States*, 353 U.S. 52, 61-62 (1957); *United States v. Ordonez*, 737

13  F.2d 793, 808 (9th Cir. 1984).  The identity and whereabouts of all informants should be

14  disclosed so that defendant has the opportunity to investigate the credibility and background of

15  the informant prior to trial and to possibly call the informant as a witness at trial.  Furthermore,

16  defendant specifically requests that the government produce the confidential informants.  The

17  government has an obligation to accomplish this or show that despite reasonable efforts, it was

18  not able to do so.  *United States v. Hart*, 546 F.2d 798, 799 (9th Cir. 1976) (en banc).

19          Furthermore, any information derived from informants that exculpate or tends to

20  exculpate the defendant, or furnishes sentencing mitigation must also be disclosed.  In addition,

21  the government must also disclose any information indicating bias on the part of an informant,

22  generally known as *Giglio* material, *see Giglio v. United States*, 405 U.S. 150 (1972), and the

23  line of cases concerning discovery of material bearing on informant credibility.  Such

24  information would include what, if any, inducements, favors, or payments were made to

25  informants to obtain his or her cooperation with the government.

26          **H.  Other Exculpatory Evidence.**

27          Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, the defendant moves

28  that the Court order the government to immediately disclose all evidence in its possession

                                                5                                    08cr1437

1  favorable to him on the issue of guilt or to punishment.  The defendant requests the Court order

2  the government to make a diligent effort to ascertain what evidence it has or might reasonably

3  discover which would create a reasonable doubt as to the defendant's guilt in the mind of the trier

4  of fact, and to surrender any such evidence to the defendant immediately upon its discovery.

5  *Hilliard v. Spalding*, 719 F.2d 1443 (9th Cir. 1983) (government suppression of possible

6  exculpatory evidence denied defendant due process; no showing of prejudice required); *United*

7  *States v. Gardner*, 605 F.2d 1076 (9th Cir. 1980).

8       This request includes any information that may result in a lower sentence under the

9  United States Sentencing Guidelines, including any cooperation or attempted cooperation by the

10  defendant, as well as any information that could affect any base offense level or specific offense

11  characteristics under Chapter Two of the Sentencing Guidelines.  Also included in this request

12  is any information relevant to a Chapter Three adjustment, a determination of the defendant's

13  criminal history, or any other application of the Sentencing Guidelines.

14                                        II.

15                                   **CONCLUSION**

16       For the foregoing reasons, defendant,  by and through his attorney John F. Kelly,

17  respectfully requests that this Court grant his motion for discovery.

18

19  Dated: May 27, 2008                    Respectfully submitted,

20

21                                 _____

22                                 JOHN F. KELLY
                                   Attorney for Defendant

23

24

25

26

27

28

                                        6                              08cr1437